THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. HARRY POLIN et al., Doing Business as GLOBE TROTTER TRAVEL BUREAU, Defendants.

City Court of New Rochelle, October 21, 1949.

*Harry B. Kurzrok* for Irving Gerber, defendant.

*Aaron Simmons, Corporation Counsel (John A. Bodmer* of counsel), for plaintiff.

RUBIN, J.  The defendant Irving Gerber moves to dismiss an information lodged against him under section 150 of the General Business Law which by its terms prohibits any person, firm or corporation " other than railroad companies or the agents of such railroad companies or steamship companies duly appointed in writing " from engaging in the sale of steamship tickets or orders for transportation to or from foreign countries without being licensed so to do in the manner prescribed by the section.

The information specifically charges that the moving defendant and his partner (they not being within the excepted category) engaged in the business of selling steamship transportation to a foreign country and received $200 in cash on two such transactions which evidenced the conduct of a prohibited business. The defendant, in effect, urges that he and his copartner were duly authorized agents of a steamship company, but not of the company for which the specific contracts of transportation were sold, and being an agent of one company, the defendants were therefore exempt from licensing even though the transaction involved passage given or sold by other steamship companies.

Aside from the fact that the proof of the agency for the one steamship company is a matter of proof and defense upon the trial, this court cannot find any merit in the contention urged. The purpose of the statute is obvious.  It was designed to do away with an evil whereby persons seeking passage were imposed upon by financially irresponsible and morally bankrupt " travel agents ".  The scheme is clear under the remedial statute.  It regards railroad companies and steamship companies of sufficient financial responsibility to answer to ticket purchasers for the acts of their duly authorized agents designated by proper writings.  On the other hand, it requires those who are not so designated, shall first be licensed by the State so that their activities may be properly supervised and their financial responsibility assured for the gullible purchasing public.  To accept the defendant's contention that established agency with respect to one principal gives absolution from the licensing requirement in presuming to act for other principals, is to

pervert the statute, to defeat its purpose and render it ineffectual. Even if the court were to hold that the language of section 150 could have been drawn with greater care, the intent is obvious from a careful reading of the statute. It is incumbent upon the courts not to overlook the purpose of enacted legislation, and since there is nothing in the language of the statute that prohibits the result arrived at by this court, I prefer to take the view that such interpretation must prevail as will be consistent with and not do violence to the general purpose of the statute. (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], §§ 92, 95, 96).

" In the construction of statutes the basic rule of procedure and the primary consideration of the courts is to ascertain and give effect to the intention of the Legislature. * * * [§ 92.]

" In construing statutes the cause and necessity of a law are always of value * * * As was said by Chancellor Kent, the intent with which statutes were enacted ' is to be collected from the context, from the occasion and necessity of the law, from the mischief felt and the objects and the remedy in view.' Where the words are obscure, so that the legislative intent does not clearly appear, it may be inferred from the cause or necessity of the statute. * * * [§ 95.]

" Another basic consideration in the interpretation of a statute is the general spirit and purpose underlying its enactment. Thus it is frequently held that the words of a statute are construed with reference to its subject-matter and the object sought to be obtained; and that construction is to be preferred which furthers the object, spirit and purpose of the statute. In all cases the legislative intent is to be effectuated; not frustrated, and a particular provision of a statute is not to be given a special meaning at variance with the general purpose, unless it is clear that the Legislature so intended. If the spirit and purpose of an act find fair expression therein, it is construed accordingly, even though the interpretation thus placed upon it is contrary to the literal meaning of some of its provisions; which is to say that a court in construing a law will sometimes be guided more by its purpose than its phraseology. * * * A statute should be held to have accomplished what the Legislature had in view, when the language will warrant an interpretation favorable to the apparent object." (§ 96.)

This interpretation is in keeping with the full spirit of the regulatory statute which would be frustrated by a contrary holding. Such contrary holding would render the whole licensing scheme a nullity. This court refuses to follow that course.

The motion to dismiss is accordingly denied, with an exception to the defendant, and the matter is continued on the court's calendar to October 28, 1949, for calendar purposes, at which time a trial date will be fixed.